Vincent M. Giblin, Esq. (VG-3668)
**KROLL HEINEMAN GIBLIN, LLC**
Metro Corporate Campus I
99 Wood Avenue South, Suite 307
Iselin, New Jersey 08830
Tel: (732) 491-2100
Fax: (732) 491-2120
Attorneys for Petitioners



## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF, <br><br>Petitioners,<br><br>v.<br><br>JOCANZ, INC., JOHN PATRICK & SON, INC., KTC CONSTRUCTION, LUSITALIA CONSTRUCTION CORP., M&R MECHANICAL CONTRACTORS, INC., M&R EUROPEAN CONST. CORP., MATRIX SERVICE INDUSTRIAL CONTRACTORS, INC., METRO CONCRETE & MASONRY, INC., NEW TOWN CORP., NORTHEAST CONSTRUCTION ENTS. INC., OVETER'S CONSTRUCTION, P&C CONSTRUCTION, PMC CONTRACTING CO., LLC,<br><br>Respondents. | Hon.<br><br>Civil Action No. 07-CV-2139 (JLL)<br><br>**CIVIL ACTION**<br><br>**OMNIBUS PETITION TO**<br>**CONFIRM ARBITRATION AWARDS** |

Petitioners New Jersey Building Laborers' Statewide Benefit Funds ("Funds") and the Trustees Thereof ("Trustees") (collectively, the "Petitioners") by their undersigned attorneys, as and for their Petition, allege and say:

1. The Funds petition this Court for an Order pursuant to Federal Arbitration Act, ("FAA"), 9 U.S.C.A. §§ 9 and 13, confirming the awards of the arbitrator issued in favor of the

Funds, and directing that judgment be entered accordingly. This petition is made on the following grounds.

2. At all times relevant, the Funds were, and still are, trust funds within the meaning of Section 302(c)(5) of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. §186(c)(5), and employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 (e) and (f), and is administered at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

3. The Trustees of the Funds are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Trustees maintain their principal place of business at 3218 Kennedy Boulevard, Jersey City, New Jersey 07306.

4. Upon information and belief, at all times relevant, Respondents were, and still are, business entities duly organized and existing under the laws of the State of New Jersey, with principal offices located at the following addresses:

    (a) Jocanz, Inc., 811 West 5th Street, Landsdale, Pennsylvania 19446-2283;

    (b) John Patrick & Son, Inc., 139 William Street, South River, New Jersey 08882;

    (c) KTC Construction, 2816 Morris Avenue, Union, New Jersey 07083;

    (d) Lusitalia Const. Corp., 146 Midland Avenue, P.O. Box 470, Kearny, New Jersey 07032-0470;

    (e) M&R Mechanical Contractors, Inc., 107 Bay Avenue, P.O. Box 435, Highlands, New Jersey 07732;

    (f) M&R European Const. Corp., 48-16 70th Street, Woodside, New York 11377;

    (g) Matrix Service Industrial Contractors, 1500 Chester Pike, Eddystonhe,

Pennsylvania 19022;

(h) Metro Concrete & Masonry, Inc., 9 Jocama Boulevard, Old Bridge, New Jersey 08857;

(i) New Town Corp., 711 South Columbus Avenue, Mount Vernon, New York 10550;

(j) Northeast Construction Enterprises, Inc., 611 Sayre Avenue, Perth Amboy, New Jersey 08861;

(k) Oveter's Construction Co., 734 Monroe Avenue, P.O. Box 2686, Plainfield, New Jersey 07060-2686;

(l) P&C Construction, 95 Industrial Road, Berkeley Heights, New Jersey 07922;

(m) PMC Contracting Co., LLC, 376 South Avenue East, Westfield, New Jersey 07090;

5. The jurisdiction of this Court is based upon Section 502 (e) and (f) of ERISA, as amended. 29 U.S.C. §1132(e) and (f), and FAA, 9 U.S.C.A. § 9. Venue properly lies in this District pursuant to 29 U.S.C. § 1332(e)(2) because the Funds maintain their principal offices in New Jersey and are administered therein and the underlying arbitration took place in New Jersey.

6. Respondents are signatories to collective bargaining agreements, which are valid, enforceable, and irrevocable agreement – except upon such grounds as exist at law or in equity for the revocation of a contract. The making and revocation of the collective bargaining agreements are not at issue in this matter. A copy of the pertinent portions of the collective bargaining agreement and the applicable Short Form Agreement binding Respondent thereto are attached hereto as Exhibits "A" and "B" respectively.

7. Respondents are also bound by the Declaration of Trust of the Funds. A copy of the

pertinent portions of the applicable Trust Agreement is attached hereto as Exhibit "C". Under the terms of the applicable collective bargaining agreement and trust agreement, Respondents are required to make contributions to the Funds.

8. The Trust Agreement provides: "The Trustees may take any action necessary or appropriate to enforce payment of contributions, interest damages, and expenses provided for herein." In accordance with the Trust Agreement, a Permanent Arbitrator has been appointed to resolve claims of delinquent contributions to the Funds.

9. After finding that Respondents were duly notified of the hearing and considering all of the evidence presented in connection therewith, the Permanent Arbitrator made the following awards in writing, copies of which are attached as Exhibit "D":

(a) Jocanz, Inc., February 27, 2007;

(b) John Patrick & Son, Inc., February 27, 2007;

(c) KTC Construction, March 28, 2007;

(d) Lusitalia Const. Corp., March 28, 2007;

(e) M&R Mechanical Contractors, Inc., March 28, 2007;

(f) M&R European Const. Corp., February 27, 2007;

(g) Matrix Service Industrial Contractors, March 26, 2007;

(h) Metro Concrete & Masonry, Inc., February 27, 2007; March 28, 2007; April 7, 2006

(i) New Town Corp., February 27, 2007; March 28, 2007

(j) Northeast Construction Enterprises, Inc., March 28, 2007;

(k) Oveter's Construction Co., March 28, 2007;

(l) P&C Construction, February 27, 2007; March 28, 2007;

  (m) PMC Contracting Co., LLC, 376 South Avenue East, Westfield, New Jersey 07090;

10. With these awards, the Permanent Arbitrator directed Respondents to cease and desist from continuing to violate the Trust Agreement and pay forthwith all delinquent contributions to the Funds, plus interest, attorney's fees and costs. The Funds promptly served a signed copy of the award upon Respondents. Notwithstanding the Award and Opinion of the Arbitrator and notice of the same, Respondents have failed and refused in all respects, and continue to fail and refuse in all respects, to comply with the Opinions and Awards issued by the arbitrator.

11. The arbitrator's awards were made in accordance with the terms and provisions of the parties' written agreement and are in all respects proper. No application has been made to correct, vacate, or modify the arbitrator's award.

12. The parties have agreed, or the law so provides, that judgments may be entered upon the awards made pursuant to the arbitration.

13. This application is based upon the Collective Bargaining Agreements, Trust Agreements, and Opinions and Awards identified above – all of which are attached.

**WHEREFORE**, Petitioners pray for the following relief:

(a) An Order confirming the Arbitration Awards;

(b) Entry of a judgment or decree by the clerk which may be enforced as any other judgment or decree;

(c) Costs of this petition and of all subsequent proceedings and disbursements;

(d) Costs, attorney's fees, and interest thereupon, as provided by law; and

(e) Such other relief as the Court deems equitable.

**KROLL HEINEMAN GIBLIN, LLC**
Attorneys for Petitioners

By:  *S/ VINCENT M. GIBLIN*
_____
VINCENT M. GIBLIN

DATED: May 4, 2007
at Iselin, New Jersey